IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| TRI STATE DISTRIBUTION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No._____ |
| | ) |
| BIORX PHARMACEUTICALS, INC., | ) |
| | ) |
| Defendant. | ) |

COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION, COMMON LAW TRADEMARK INFRINGEMENT, VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT, AND CANCELLATION OF FEDERALLY REGISTERED TRADEMARKS

Plaintiff, Tri State Distribution, Inc. ("Tri State"), for its complaint against Defendant, BioRX Pharmaceuticals, Inc. ("BioRX"), states as follows:

PARTIES

1. Tri State is a corporation of the state of Tennessee and has its principal place of business in Sparta, Tennessee.

2. Upon information and belief, BioRX is a corporation of the state of Nevada and has its principal place of business at 7251 Condor Avenue, Commerce, California 90040.

JURISDICTION AND VENUE

3. This is an action for infringement, unfair competition, and dilution of trademark rights under the United States Trademark Act of 1946, the Lanham Act, 15 USC § 1051, et seq. and the common law and for violation of the Tennessee Consumer Protection Act.

4. This Court has jurisdiction of the subject matter pursuant to 15 U.S.C §1121, 28 U.S.C. § 1331, and under this Court's pendent jurisdiction over related state claims arising under the same facts and circumstances pursuant to 28 U.S.C. § 1367.

5. Defendant offers for sale and sells throughout the United States, including within Tennessee and this Judicial District, a variety of products, including prescription medication vials provided under the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS trademarks. On information and belief, this Court has personal jurisdiction over Defendant based on Defendant's contacts with this District including, but not limited to, Defendant's conducting business in Tennessee and this district and committing acts of infringement of Tri State's trademarks in Tennessee and this district. Upon further information and belief, these activities are carried out by Defendant, *inter alia*, through direct sales from its web site at www.biorxlabs.com and through third party websites such as www.amazon.com.

6. Venue is proper in this district pursuant to 28 USC § 1391(b) and (c).

NATURE OF THE ACTION

7. Tri State is and at all times relevant hereto has been in the business of designing, developing, manufacturing, selling, and distributing prescription medication vials in the United States (hereinafter "Tri State's Goods").

8. Substantially continuously since at least as early as April, 1998, Tri State has been and is now using the mark PRO PLUS in interstate commerce in the United States for Tri State's Goods.

9. The PRO PLUS mark was registered in the United States Patent and Trademark Office on October 12, 2010, under U.S. Registration No. 3,858,646 for use with "Plastic

vials in the nature of containers for medications sold empty for commercial use; containers for medications sold empty for commercial use; plastic medication containers for commercial use; commercial dispensers for pills or capsules sold empty; bottle closures not of metal; non-metal and non-paper closures for bottles, vials, or containers; non-metal caps for bottles, vials, or containers; bottles for pharmaceuticals sold empty; and plastic safety caps for medicine containers." A copy of the '646 registration is attached hereto as Exhibit A.

10. The right of Tri State to exclusive use of the mark PRO PLUS of the '646 registration is incontestable for the goods stated therein in accordance with 15 USC §1065, with the effect given under 15 USC §1115(b) that the validity of the PRO PLUS mark and Tri State's right to exclusive use of the mark for the goods in commerce are conclusively established.

11. Substantially continuously since at least as early as September, 2000, Tri State has been and is now using the mark PRO ONE in interstate commerce in the United States for Tri State's Goods.

12. The PRO ONE mark was registered in the United States Patent and Trademark Office on October 12, 2010, under U.S. Registration No. 3,858,645 for use with "Plastic vials in the nature of containers for medications sold empty for commercial use; containers for medications sold empty for commercial use; plastic medication containers for commercial use; commercial dispensers for pills or capsules sold empty; bottle closures not of metal; non-metal and non-paper closures for bottles, vials, or containers; non-metal caps for bottles, vials, or containers; bottles for pharmaceuticals sold empty; and plastic safety caps for medicine containers." A copy of the '645 registration is attached hereto as Exhibit B.

13. The right of Tri State to exclusive use of the mark PRO ONE of the '645 registration is incontestable for the goods stated therein in accordance with 15 USC §1065, with the effect given under 15 USC §1115(b) that the validity of the PRO ONE mark and Tri State's right to exclusive use of the mark for the goods in commerce are conclusively established.

14. Substantially continuously since at least as early as July, 2006, Tri State has been and is now using the mark PRO MAXX in interstate commerce in the United States for Tri State's Goods.

15. The PRO MAXX mark was registered in the United States Patent and Trademark Office on December 23, 2008, under U.S. Registration No. 3,548,619 for use with "vials and containers for medications sold empty; bottle closures not of metal; and dispensers for pills or capsules sold empty, all sold exclusively to retail pharmacy businesses; and plastic safety caps for medicine containers, sold exclusively to retail pharmacy businesses." A copy of the '619 registration is attached hereto as Exhibit C.

16. The right of Tri State to exclusive use of the mark PRO MAXX of the '619 registration is incontestable for the goods stated therein in accordance with 15 USC §1065, with the effect given under 15 USC §1115(b) that the validity of the PRO MAXX mark and Tri State's right to exclusive use of the mark for the goods in commerce are conclusively established.

17. Substantially continuously since at least as early as June, 2013, Tri State has been and is now using the mark ProTect in interstate commerce in the United States for Tri State's Goods.

18. The PROTECT mark was registered in the United States Patent and Trademark Office on July 21, 2015, under U.S. Registration No. 4,775,099 for use with "plastic vials

in the nature of containers for medications and pharmaceuticals sold empty for commercial use; containers for medications and pharmaceuticals sold empty for commercial use; plastic medication and pharmaceutical containers for commercial use; commercial dispensers for pills or capsules sold empty; bottle closures not of metal and used with containers for medications sold empty for commercial use; non-metal and non-paper closures for bottles, vials, or containers sold empty for commercial use with medications and pharmaceuticals; non-metal caps for bottles, vials, or containers sold empty for commercial use with medications and pharmaceuticals." A copy of the '099 registration is attached hereto as Exhibit D.

19. Substantially continuously since at least as early as 2001, Tri State has been and is now using the mark PROVIAL in interstate commerce in the United States for Tri State's Goods. Among other uses, Tri State has promoted and provided Tri State's Goods via its website at www.provial.com since at least as early as 2001.

20. The PRO PLUS, PRO ONE, PRO MAXX, PROTECT, and PROVIAL trademarks are used and promoted in a manner to create public recognition of the trademark "PRO" and of the trademark "PRO" as coupled with another term, (i.e., the "PRO" formative trademarks) all to identify and distinguish the Tri State Goods. Through Tri State's extensive and widespread use of the "PRO" trademarks, including the "PRO" formative trademarks, (the PRO trademark and the PRO PLUS, PRO ONE, PRO MAXX, PROTECT, PROVIAL, and any/all other PRO formative trademarks collectively referred to herein at times as "Tri State's PRO Marks") the relevant public has come to recognize the trademark "PRO" and trademarks combining the "PRO" formative together with another word as used for prescription medication vials to identify Tri State as the source of such goods.

5

21. By virtue of the high quality and innovative nature of Tri State's Goods offered under Tri State's PRO Marks, Tri State's extensive sales, marketing and promotion of its Goods under its PRO Marks, and Tri State's substantially exclusive and continuous use of its PRO Marks for prescription medication vials for many years, Tri State's PRO Marks have acquired and come to symbolize great and valuable goodwill as identifiers of a unique commercial source of prescription medication vials.

22. As a result of Tri State's extensive and continuous use and promotion of its PRO Marks in interstate commerce in the United States, Tri State's PRO Marks have become well known throughout the prescription medication vial industry, and are famous in prescription medication vial industry in the United States.

23. On information and belief, BioRX has been and is now engaged in distribution and sales of prescription medication vials in commerce in the United States, including in this district.

24. BioRX has used and is now using in commerce in the United States, including in this district, the marks MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS and/or confusingly similar variations thereof for prescription medication vials ("BioRX's Goods"). Exemplary BioRX advertisements showing use of such marks for BioRX's Goods are attached as collective Exhibit E.

25. Upon information and belief, BioRX is the owner of the following federal trademark registrations for the MEGA-PRO and TWIST-PRO marks ("BioRX's Registrations"):

| Mark | Reg. #/App. # | Issue Date | Date of Alleged First Use | Goods & Services |
|---|---|---|---|---|
| MEGA-PRO | 4,967,424 | May 31, 2016 | Dec. 1, 2010 | Plastic vials for medication sold empty for personal use; glass vials and ampoules for medication sold empty |
| TWIST-PRO | 4,659,370 | Dec. 23, 2014 | Dec. 1, 2010 | Plastic vials for medication sold empty for personal use; glass vials and ampoules for medication sold empty |

The examining attorneys who approved the registrations of MEGA-PRO and TWIST-PRO conducted searches that are shown in the United States Patent and Trademark Office records, and according to those records, the examining attorneys approved the registrations of MEGA-PRO and TWIST-PRO without viewing or otherwise considering any of the "PRO" trademarks and registrations owned by Plaintiff that are identified above.

26. Long before any date of first use of the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks by BioRX for or in connection with BioRX's Goods, Tri State commenced and has made substantially continuous and exclusive use of Tri State's PRO Marks in commerce for and in connection with the sale of Tri State's Goods to consumers and potential consumers thereof throughout the United States and the world.

27. The distribution, advertising, promotion, manufacture, sale, and/or offer for sale of BioRX's Goods using the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks has been done without the license, consent or acquiescence of Tri State.

28. BioRX does not sell and it is not authorized to sell prescription medication vials or any other goods manufactured by Tri State.

29. Prior to its commencement of use of the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks, BioRX knew or should have known of the prior use of Tri State's PRO Marks by Tri State to identify the commercial source of Tri State's Goods.

30. At the time BioRX commenced use of the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks for BioRX's Goods, BioRX was on constructive notice of the '646, '645, and '619 registrations for the PRO PLUS, PRO ONE, and PRO MAXX marks.

31. Despite having had actual and constructive knowledge of Tri State's prior use of Tri State's PRO Marks for Tri State's Goods, BioRX commenced use of the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks for BioRX's Goods and has continued to use the same in willful or reckless disregard of Tri State's prior and superior exclusive rights therein.

32. BioRX's misuse and infringement of Tri State's PRO Marks as alleged herein and otherwise has caused and is causing actual confusion among consumers, the trade in general, and the public at large as to the commercial source of BioRX's Goods vis-à-vis the commercial source of Tri State's Goods offered under Tri State's PRO Marks.

COUNT I<br>FEDERAL TRADEMARK INFRINGEMENT

33. Tri State restates the foregoing paragraphs as if fully set forth herein, and for its Count I states as follows:

34. BioRX's use of the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks is a use in commerce of a mark which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the commercial source of

BioRX's Goods vis-à-vis the source of Tri State's Goods provided under the federally registered PRO PLUS, PRO ONE, PRO MAXX, and PROTECT marks of U.S. Trademark Registration Nos. 3,858,646, 3,858,645, 3,548,619, and 4,755,099, in violation of 15 U.S.C. § 1114.

35. The acts of BioRX alleged in this Count I have caused and will continue to cause substantial and irreparable harm, damage and injury to Tri State for which Tri State has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND RELATEDS VIOLATIONS

36. Tri State restates the foregoing paragraphs as if fully set forth herein, and for its Count II states as follows:

37. The MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks used by BioRX are confusingly similar to Tri State's previously used PRO Marks and are used for the same goods or goods which are closely related to those for which Tri State has prior use of its PRO Marks in commerce; and use by BioRX of the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks in commerce for BioRX's Goods as alleged herein is likely to cause confusion, mistake, and/or deception in violation of 15 USC § 1125(a).

38. Use by BioRX of the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks for BioRX's Goods falsely represents or suggests to the consumer and to persons in the trade and industry in general that the goods made, sold, offered for sale, and/or advertised by BioRX are made, provided, distributed and/or sold by or from the same commercial source as, or with the permission of or authorization from the same commercial source as, the goods previously made, provided, distributed, and/or sold under Tri State's PRO Marks, and/or that

BioRX's Goods have been provided, manufactured, packaged or distributed in compliance with the quality standards maintained by Tri State for goods made, offered, and/or sold under Tri State's PRO Marks, in further violation of 15 USC § 1125(a).

39. The unauthorized uses by BioRX of the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks as alleged herein constitute false designations of origin in violation of 15 USC § 1125(a).

40. On information and belief, BioRX has, by its use of the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks, falsely represented to and deceived the purchasing public and the trade in general as to the commercial origin or source of the Goods offered and sold in interstate commerce by BioRX using the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks so as to cause members of the purchasing public and persons in the trade and industry in general to believe that the goods provided by BioRX using the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks have been authorized by, sponsored by, or approved by the source of Goods provided under Tri State's PRO Marks, and to falsely believe that BioRX's Goods emanate from the same commercial source as the Goods sold or distributed under Tri State's PRO Marks.

41. The unlawful use of MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks by BioRX was and is being undertaken with knowledge of Tri State's prior use of and superior rights in the PRO Marks, and with the deliberate intent to infringe upon Tri State's rights and to unlawfully and unfairly compete with Tri State and to divert trade, goodwill, and revenue from Tri State, whereby BioRX has been and is being unjustly enriched with revenue and other benefits proximately caused by and/or resulting from BioRX's unlawful misuse of Tri State's

PRO Marks and intellectual property rights associated therewith.

42. The acts of BioRX alleged in this Count II have caused and will continue to cause substantial and irreparable harm, damage and injury to Tri State for which Tri State has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT III
## FEDERAL TRADEMARK DILUTION

43. Tri State reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for its Count III as follows:

44. BioRX's ongoing manufacture, promotion, marketing, sale, and distribution of its Goods using the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks is likely to lessen the capacity of Tri State's PRO PLUS, PRO MAXX, and PRO ONE marks to identify and distinguish the commercial source of Tri State's Goods provided by Tri State under the PRO Marks. On information and belief, through the use of the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks, BioRX willfully intended to unlawfully and without just cause dilute and/or diminish the ability of Tri State's PRO PLUS, PRO MAXX, and PRO ONE marks to identify and distinguish the commercial source of Tri State's Goods provided by Tri State under the PRO PLUS, PRO MAXX, and PRO ONE marks from the commercial sources of the same or similar goods sold by others.

45. BioRX commenced use of the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks after Tri State's PRO PLUS, PRO MAXX, and PRO ONE marks became famous in the prescription medication vial industry.

46. BioRX's use of the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks to promote, market, and/or sell BioRX's Goods constitutes willful trademark dilution under 15 U.S.C. § 1125(c) with regard to the distinctive quality of Tri State's PRO PLUS, PRO ONE, and PRO MAXX marks.

47. The acts of BioRX alleged in this Count III have caused and will continue to cause substantial and irreparable harm, damage and injury to Tri State for which Tri State has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

48. Tri State reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for its Count IV as follows:

49. The activities of BioRX as alleged herein constitute unfair competition and trade piracy in violation of the common law and have been undertaken in order to cause confusion and deception among the purchasing public and persons in the trade and industry in general, and to allow BioRX to unjustly and unfairly benefit and enrich itself from the goodwill and value built up by Tri State over many years of use of and extensive investment in advertising and promotion of, its PRO Marks.

50. BioRX's acts as alleged herein have engendered or are likely to engender a false belief in the minds of the public and persons in the trade and industry in general that BioRX is affiliated with, sponsored by, or associated with the source of Goods marketed and sold under Tri State's previously used PRO Marks.

51. The acts of BioRX alleged in this Count IV have caused and will continue to cause substantial and irreparable harm, damage and injury to Tri State for which Tri State has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT V
## VIOLATION OF TENNESSE CONSUMER PROTECTION ACT

52. Tri State reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for its Count V as follows:

53. By the actions alleged herein, BioRX is in violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-101 et seq. The acts complained of violate at least subsections (1), (2), (3), and (5) of T.C.A. § 47-18-104(b).

54. The acts of BioRX alleged in this Count V have caused and will continue to cause substantial and irreparable harm, damage and injury to Tri State for which Tri State has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT VI – CANCELLATION OF DEFENDANT'S U.S. REGISTRATIONS

55. Tri State reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for its Count VI as follows:

56. Tri State is likely to be damaged by continued registration of BioRX's Registrations in that the prima facie evidentiary effect of such registrations and future registrations tends to impair Tri State's right to exclusively use in commerce Tri State's PRO Marks and is in legal conflict with Tri State's rights. In view of Tri State's continuous use of its PRO Marks in commerce since a date prior to any commencement of actual or constructive use of the MEGA-PRO

13

Case 2:17-cv-00021   Document 1   Filed 03/23/17   Page 13 of 16 PageID #: 13

and/or TWIST-PRO mark by BioRX anywhere or in commerce for or in connection with any of BioRX's Goods, BioRX's Registrations should be cancelled by this Court pursuant to this Court's power under 15 U.S.C. § 1119.

57. The acts of BioRX alleged herein have caused and will continue to cause substantial and irreparable harm, damage, and injury to Tri State for which Tri State has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

WHEREFORE, Tri State prays for at least the following relief:

a. A preliminary and permanent injunction and such other and further relief as is available under 15 U.S.C. § 1116 to prevent any further violation of Tri State's exclusive rights under 15 U.S.C. §1114 in the federally registered PRO PLUS, PRO ONE, PRO MAXX, and PROTECT marks.

b. A preliminary and permanent injunction and such other and further relief as is provided for under 15 U.S.C. § 1116, Tenn. Code Ann. § 47-18-109(b), Tenn. Code Ann. § 47-25-513(b), and/or the common law to prohibit any further violation of Tri State's exclusive rights in its PRO Marks under 15 U.S.C. §1125(a), and prohibiting BioRX from unfairly competing with Tri State through the use of spurious designations substantially identical with or confusingly similar to Tri State's previously used PRO Marks.

c. A preliminary and permanent injunction and such other and further relief as is provided for under 15 U.S.C. § 1116 to prohibit any further violation of Tri State's exclusive rights in the distinctive and famous PRO PLUS, PRO ONE, and PRO MAXX marks under 15 U.S.C. §1125(c), and to prohibit BioRX from causing any further dilution of the distinctive quality of Tri State's PRO PLUS, PRO ONE, and PRO MAXX marks.

d. That the Court preliminarily and permanently enjoin and restrain BioRX and all of its employees, owners, officers, agents, attorneys, affiliates, all persons or entities in privity with it, and all those who receive notice thereof, from and against any and all further use of the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks or any other mark confusingly similar to Tri State's PRO Marks alone or in combination with any other words, for or in connection with BioRX's Goods, or any related goods or services.

e. An accounting and recovery under 15 USC § 1117(a), Tenn. Code Ann. § 47-18-109, and/or Tenn. Code Ann. § 47-25-514 of all of BioRX's profits from sales of or other activities associated with, goods or services bearing or sold under the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS or any other colorable imitation or confusingly similar variation of Tri State's PRO Marks.

f. Recovery under 15 USC § 1117 (a), Tenn. Code Ann. § 47-18-109, Tenn. Code Ann. § 47-25-514, and/or the common law of Tri State's damages, in an amount to be determined.

g. Trebling of BioRX's profits or damages, whichever is greater, together with a reasonable attorney's fee and expenses and prejudgment interest, under 15 USC § 1117(a) and/or (b) and T.C.A. § 47-18-109, due to the deliberate and willful misuse by BioRX of Tri State's federally registered and previously used PRO PLUS, PRO ONE, and PRO MAXX marks.

h. That all goods, labels, signs, prints, packages, wrappers, catalogs and other promotional or advertising literature in the possession or control of BioRX bearing the MEGA-PRO, MEGA-PRO VIALS, TWIST-PRO, and TWIST-PRO VIALS marks or any other colorable imitation or confusingly similar variation of Tri State's PRO Marks be delivered up to an officer of the Court

for destruction pursuant to 15 USC § 1118.

      i.      An award to Plaintiff of its costs in this action.

      j.      An order that Defendant's Registrations and Applications be cancelled from the Registers of the U.S. Trademark Office pursuant to 15 U.S.C. § 1119, and other applicable provisions of Title 15 of the U. S. Code.

      k.      Such other, further, and additional relief as this Court may deem reasonable and just.

Tri State demands a jury to try the issues joined.

Respectfully submitted,

TRI STATE DISTRIBUTION, INC.

By: s/Michael J. Bradford
      Michael J. Bradford, BPR #22689
      Andrew S. Neely, BPR #11505
      LUEDEKA, NEELY & GRAHAM, P.C.
      P.O. Box 1871
      1504 Riverview Tower
      Knoxville, TN 37901
      Phone: (865) 546-4305
      Fax:  (865) 523-4478

ATTORNEYS FOR PLAINTIFF